IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COURTNEY M. COWINS,

                Petitioner,

v.

GARY BOUGHTON,

                Respondent.

OPINION and ORDER

16-cv-22-jdp

---

In Dane County Case No. 2009CF247, petitioner Courtney M. Cowins was convicted, after a jury trial, of armed burglary, burglary with intent to commit sexual assault and battery, first-degree reckless endangerment, and four counts of first-degree sexual assault, all as a repeater. Cowins's appellate counsel filed a no-merit brief with the Wisconsin Court of Appeals, and the court of appeals affirmed the conviction. Cowins then filed a pro se motion for postconviction relief in the circuit court that was dismissed as procedurally barred. The court of appeals affirmed the dismissal and the Wisconsin Supreme Court denied Cowins's petition for review.

Cowins now seeks a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his conviction is invalid for several reasons. After the state filed an answer, along with records from the relevant state court proceedings, both parties submitted briefing. For the reasons set forth below, I conclude that Cowins has failed to show a denial of his constitutional rights. Accordingly, I will deny his petition.

BACKGROUND

The following facts are taken from the petition and the state court records provided by Cowins and the state.

In Dane County Case No. 2009CF247, Cowins was charged with armed burglary, burglary with intent to commit sexual assault and battery, first-degree reckless endangerment and four counts of first-degree sexual assault, all as a repeater. The underlying allegations accused Cowins of entering into a woman's apartment during the middle of the night, holding her at gunpoint, sexually assaulting her repeatedly, and leaving with some of her belongings.

Cowins proceeded to a jury trial in September 2009. The victim testified against Cowins, as did law enforcement, a DNA analyst, and medical providers who had treated the victim after her attack. A doctor testified that the victim had suffered trauma to her head that was consistent with the imprint from the end of a gun, that both her wrists had significant areas of redness and swelling consistent with being dragged while handcuffed, and that the victim had injuries to her neck consistent with strangulation. Cowins admitted at trial that he had been in the victim's apartment and had sexual contact with her on the night in question, but he testified that he and the victim knew each other and the sexual contact was consensual. He also admitted that he and the victim had an altercation after the sexual contact and that he had taken some items from the victim's apartment out of anger, but he denied having a gun or handcuffs. The jury found Cowins guilty on all counts, and he was sentenced to 40 years of imprisonment and 20 years of extended supervision.

The state public defender appointed counsel to handle Cowins's appeal. Appellate counsel filed a no-merit brief under Wis. Stat. § 809.32, Dkt. 15-2, which is Wisconsin's procedure for implementing *Anders v. California*, 386 U.S. 738 (1967). Cowins responded,

identifying several issues that he believed should be addressed on appeal. Dkt. 15-3. The Wisconsin Court of Appeals agreed with counsel that there was no arguable merit to any appealable issues and summarily affirmed the conviction. Dkt. 15-5. The Wisconsin Supreme Court summarily denied Cowins's petition for review on June 12, 2012. Dkt. 15-7.

In June 2013, Cowins filed a pro se motion for postconviction relief under Wis. Stat. § 974.06 in the circuit court. Dkt. 15-8. The circuit court denied the motion, concluding the Cowins's claims were procedurally bared by Wis. Stat. § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994),[1] because they were raised and rejected, or should have been raised, during the no-merit appeal. Dkt. 1-3. The circuit court also noted that the victim "was an extremely courageous, compelling, credible and memorable presence in this trial," whose "testimony alone, without the considerable corroborating physical evidence, was easily sufficient to sustain the jury's verdict in every respect." *Id.* at 3.

Cowins appealed. The court of appeals summarily affirmed the circuit court's decision, concluding that that any claims Cowins had raised already during the no-merit appeal would not be considered under *State v. Witkowski*, 163 Wis. 2d 985, 473 N.W.2d 512 (Ct. App. 1991),[2] and the issues newly raised in the postconviction motion were procedurally barred by *Escalona-Naranjo*, 517 N.W.2d 157, because they should have been raised during the previous

---

[1] In *Escalona-Naranjo*, the Wisconsin Supreme Court held that "due process for a convicted defendant permits him or her a single appeal of that conviction and a single opportunity to raise claims of error." Thus, claims that could have been raised on direct appeal or by prior motion are barred from being raised in a postconviction motion absent a sufficient reason for not raising the claims earlier. *See also State v. Lo*, 2003 WI 107, ¶ 44, 264 Wis. 2d 1, 665 N.W.2d 756.

[2] In *Sate v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512, 514 (Ct. App. 1991), the court of appeals held that "[a] matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue."

appeal. Dkt. 15-11. The court of appeals rejected Cowins's argument that appellate counsel was ineffective for failing to fully investigate the case or provide discovery material to Cowins, stating that Cowins had failed to make a showing that any further investigation or delivery of materials would have made a difference in the outcome of trial or his appeal. *Id.* at 5. The Wisconsin Supreme Court denied Cowins's petition for review on November 4, 2015. Dkt. 15-14.

ANALYSIS

In his habeas petition, Cowins seeks relief on the grounds that: (1) the state intentionally introduced false testimony by Dr. Christopher Nielsen; (2) the prosecutor engaged in misconduct by referring to Dr. Nielsen's false testimony in closing arguments; (3) the two-year delay in charging and prosecuting Cowins resulted in exculpatory evidence being destroyed; (4) trial counsel was ineffective for numerous reasons; and (5) appellate counsel was ineffective for failing to investigate and raise numerous meritorious issues on appeal.

To prevail on his petition, Cowins must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c), 2254(a). In deciding whether Cowins has made this showing, I look to the "last reasoned state-court opinion" that addressed Cowins's claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Ford v. Wilson*, 747 F.3d 944, 949 (7th Cir. 2014). Cowins must show that any claim that was addressed on the merits by the Wisconsin Court of Appeals "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court's decision is deemed contrary to clearly established federal law if it reaches a legal

conclusion in direct conflict with a past decision of the Supreme Court or reaches a different conclusion than the Supreme Court based on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404–08 (2000). A state court unreasonably applies clearly established precedent if it identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

Alternatively, Cowins could succeed by showing that the state court's adjudication of his claims "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(2). A federal court may conclude that a state court decision was based on an unreasonable determination of the facts only "if it rests upon factfinding that ignores the clear and convincing weight of the evidence." *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013). I will evaluate each of Cowins's claims under these standards below.

**A. Due process claims based on state's presentation of Dr. Christopher Nielsen's testimony (claims 1 and 2 of the petition)**

Cowins contends that the state violated his right to due process by presenting false testimony from Dr. Christopher Nielsen, an emergency room doctor who treated the victim in at Meriter Hospital the day after the sexual assault. In particular, Cowins argues that Nielsen's testimony that the victim's head injuries were consistent with having a gun barrel pressed into her face were false and misleading. Cowins also contends that the prosecutor engaged in misconduct by referring to Nielsen's testimony during closing arguments. This line of testimony and questioning was relevant to the "dangerous weapon" element of the armed burglary and sexual assault charges.

Had the state knowingly solicited false testimony from Dr. Nielsen and failed to correct it, it would have been a violation of Cowins's due process rights. *Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment."); *Weaver v. Nicholson*, 892 F.3d 878, 886 (7th Cir. 2018) (state violates defendant's due process rights by knowingly eliciting false testimony). But the Wisconsin Court of Appeals rejected this argument when denying Cowins's direct appeal, Dkt. 15-11 at 6, and that decision is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Nor is it based on an unreasonable factual determination. Rather, the court of appeals' decision is based on a reasonable review of Nielsen's testimony and the evidence.

Dr. Nielsen testified about the numerous severe injuries that the victim had suffered, including "significant injuries to her head which inferred incurring a significant amount of trauma." Dkt. 15-16 at 7–8. Referring to photographs of the victim taken shortly after the attack, Nielsen described "very circular and distinct" bruising in two places on the victim's forehead that was "consistent with the imprint of the end of a gun or a gun barrel." *Id.* at 11. On cross-examination, Nielsen stated that the marks could have been caused by something other than a gun, such as a fall, but that because of the distinct shape of "two small circles," he likely would have guessed that a gun caused the bruises even if the victim had not told him that a gun had been pressed into her head. *Id.* at 18.

Cowins contends that Dr. Nielsen's testimony regarding the victim's head wounds was false and misleading because it was inconsistent with photographs of the victim's facial injuries that were not shown to the jury. Cowins contends that the withheld photographs, Dkt. 18-9, show abrasions on the victim's face, but not "two small circles" or "gun-barrel shaped" imprints

6

as Nielsen testified. Cowins made the same argument in state court, and the court of appeals found that "[t]he shape of the contusions was already apparent from the photograph shown to the jury," that the withheld photos were cumulative to the photograph that Nielsen had discussed, and that "the jury was entitled to determine what weight to give to the doctor's expert opinion." Dkt. 15-5 at 6. After reviewing the photographs and Nielsen's testimony, I conclude that the court of appeals' findings are not unreasonable. I see nothing false or misleading about Nielsen's testimony, and the withheld photographs do not impeach Nielsen's statements about the victim's injuries. Therefore, Cowins has failed to show that the court of appeals misapplied federal law or made an unreasonable factual determination. Accordingly, he cannot succeed on his claim that the state presented false evidence in violation of his due process rights.

Cowins has also failed to show prosecutorial misconduct. To succeed on this claim, he would have to show that the prosecutor's references to Dr. Nielsen's testimony during closing arguments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 180–81 (1986). "[T]he court first asks under *Darden,* whether the challenged comments were improper; if so, then the court asks whether the comments prejudiced the defendant." *Bartlett v. Battaglia*, 453 F.3d 796, 800 (7th Cir. 2006). *Darden* identifies six factors a court should consider when determining whether the prosecutors' comments were prejudicial: "(1) whether the prosecutor misstated the evidence, (2) whether the remarks implicate specific rights of the accused, (3) whether the defense invited the response, (4) the trial court's instructions, (5) the weight of the evidence against the defendant, and (6) the defendant's opportunity to rebut." *Howard v. Gramley*, 225 F.3d 784,

7

793 (7th Cir. 2000); *Darden*, 477 U.S. at 181–82. Here, Cowins has failed to show improper comments or prejudice.

Because Dr. Nielsen did not present false testimony, there was nothing improper about the prosecutor's references to Nielsen's testimony during his closing statement. And Cowins's argument that the prosecutor misstated Nielsen's testimony fails because any misstatement was slight, at the most, and there was no prejudice. The prosecutor stated that, "Dr. Nielsen would not back down from his observations of [the victim's] injuries, that those cuts on her head where she said the gun had been put were consistent with the barrel of a gun," Dkt. 15-18 at 35. He also argued that Nielsen's testimony substantiated the victim's testimony that, "this mark right here on her forehead—or I'm sorry—right here on her eye [is] consistent with having been committed with a gun barrel." *Id.* at 69–70. Cowins argues that the prosecutor's statements are false because Nielsen did not say that any *cuts* on the victim's face or near her eye were caused by a gun; rather, Nielsen testified that *bruises* on the victim's forehead were consistent with the shape of a gun barrel. But any inconsistency here was immaterial. The relevant question for the jury was whether Cowins used a gun while he assaulted the victim, and Nielsen testified that the victim had injuries likely caused by a gun. Whether the injury was a "cut" or "bruise" and whether it was on the victim's eye or forehead is irrelevant. As the Wisconsin Court of Appeals reasonably concluded, slight inconsistencies in the evidence could be sorted out by the jury. Dkt. 15-5 at 7.

Moreover, as the court of appeals pointed out, Dr. Nielsen's testimony was not essential to the jury finding that Cowins used a dangerous weapon. The victim testified that she was awakened by "someone's hand over my mouth and a gun jammed to my head." Dkt. 15-5 at 6. She also testified that she was hit in the head with the gun and that the assailant used or

8

threatened to use the gun during the sexual assaults. *Id.*; Dkt. 15-16 at 34–35. In light of the victim's testimony, Cowins cannot show that he suffered any prejudice from a slight misstatement regarding Dr. Nielsen's testimony. Therefore, Cowins is not entitled to relief on these claims.

**B. Due process claim based on state's two-year delay in filing criminal charges (claim 3 in the petition)**

Cowins next contends that the state violated his due process rights by filing criminal charges two years after the assault occurred. He contends that as a result of the delay, he was unable to recover exculpatory evidence, including gas station surveillance footage and phone records, that would have corroborated his testimony that he had met the victim at a gas station before the incident, had communicated with her by phone, and that the sex was consensual.

The Wisconsin Court of Appeals rejected this claim, concluding that the statute of limitations sufficiently protected Cowins from a due process violation here. Dkt. 15-5 at 6. The court of appeals cited the applicable federal standard from *United States v. Marion*, 404 U.S. 307, 321 (1971). Under *Marion*, a delay in bringing criminal charges may violate a defendant's due process rights if (1) the delay caused substantial prejudice, and (2) "the delay was an intentional device to gain tactical advantage over the accused." *Marion*, 404 U.S. at 324. *See also United States v. Wallace*, 326 F.3d 881, 886 (7th Cir. 2003) (applying factors from *Marion*).

The court of appeals' rejection of Cowins's *Marion* claim was reasonable. Cowins has submitted no evidence to support his argument that the state intentionally delayed bringing charges against him to gain an advantage. He argues that the state delayed its investigation unreasonably by failing to submit all DNA evidence from the victim's apartment to the crime lab for testing shortly after the assault in December 2006. But the record does not support his

9

claim. Instead, the record shows that a detective promptly submitted for DNA testing some evidence recovered from the apartment, and after spending more than a year attempting unsuccessfully to match that DNA to known individuals, the detective submitted additional evidence for DNA testing. Dkt. 15-17 at 285–290. The new evidence resulted in a match for Cowins's DNA, and he was taken into custody less than two weeks later, in February 2009. *Id.* at 290. Cowins concedes that a detective spent more than a year trying to match DNA results to potential suspects. The detective had no way of knowing whether the initial DNA results would match Cowins or anyone else. Likewise, she had no way of knowing that the evidence she submitted later, in January 2009, would result in a match to Cowins's DNA. Cowins also has no evidence that the detective knew that a delay would affect Cowins's ability to present surveillance video or phone records.

Cowins also cannot show that he suffered "substantial prejudice" as a result of the delay. Even if Cowins had been able to present the surveillance tapes or phone records he identifies, it would not have changed the outcome of trial. As the court of appeals noted, medical testimony "confirmed that both [of the victim's] wrists had significant areas of redness and swelling circumscribing the entire aspect of both wrists consistent with being '[dragged] around, thrown around while handcuffed,' [and] injuries to her neck consistent with strangulation." Dkt. 15-5 at 3 (brackets in original). In light of the victim's compelling testimony and the medical evidence, the jury likely would have "reject[e]d Cowins's story of consensual sex gone bad," *id.*, even if there were evidence that suggested that Cowins had met the victim prior to the assault. Therefore, Cowins has failed to show that the delay in filing charges violated his right to due process.

**C. Ineffective assistance of counsel (claims 4–11 in the petition)**

Cowins raises several claims based on the alleged ineffectiveness of his trial and appellate counsel. Specifically, he contends trial counsel was ineffective for (1) failing to identify and object to Dr. Nielsen's false testimony; (2) failing to object to the prosecutor's misconduct; (3) failing to introduce the statement of a key witness; (4) failing to investigate and present a defense against the state's forensic evidence; (5) failing to file a suppression motion; (6) failing to file a motion to dismiss; and (7) failing to immediately address an inattentive juror. He contends that appellate counsel was ineffective for filing a no-merit brief instead of consulting with him and raising on appeal the numerous meritorious arguments he has identified.

Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

To demonstrate deficient performance, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial." *Id*. at 687. "This means identifying acts or omissions of counsel that could not be the result of professional judgment." *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) (internal quotation marks and citations omitted). To demonstrate actual prejudice requires a defendant to demonstrate

11

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Cowins raised all but one of his ineffective assistance of trial counsel claims in his response to appellate counsel's no-merit brief. Although the court of appeals did not address each of Cowins's ineffective assistance of counsel claims individually, the court rejected all of his claims, stating: "Cowins also argues ineffectiveness of trial counsel. Our independent review of the record fails to demonstrate ineffective representation. Cowins was afforded a fair trial." Dkt. 15-5 at 7. The court of appeals revisited the issue of ineffective assistance in the collateral appeal, stating that although it "did not parse out Cowins's individual claims of ineffective assistance of trial counsel in our no-merit decision . . . nothing in our current review of the record undermines our confidence in the conclusion that the record presented to this court in the no-merit proceeding showed no arguably meritorious basis for an appeal." Dkt. 15-11 at 4. The court also addressed the merits of several of the arguments underlying Cowins's ineffective assistance claims, and rejected Cowins's arguments that appellate counsel failed to identify meritorious arguments on appeal. Dkts. 15-5 and 15-11.

As discussed below, the court of appeals' rejection of Cowins's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of *Strickland*. Nor was it unreasonable in light of the evidence. Additionally, any claim Cowins failed to raise or fully develop on appeal lacks merit.

1. **Trial counsel's failure to object to Dr. Nielsen's testimony and the prosecutor's alleged improper statements**

Cowins's first two claims of ineffective assistance of counsel arise from his belief that Dr. Nielsen's testimony regarding the victim's injuries was inconsistent with photographs that

were not shown to the jury. Cowins argues that if trial counsel had studied the additional photographs, he could have disproved Dr. Nielsen's testimony that the victim's injuries were likely caused by a gun. Cowins further argues that trial counsel should have objected when the prosecutor referred to Dr. Nielsen's arguments during closing statements. As explained above, Cowins has not shown that Dr. Nielsen presented false testimony or that the prosecutor engaged in misconduct. Therefore, trial counsel had no legitimate ground for objecting to Dr. Nielsen's testimony or the prosecutor's arguments. Additionally, a review of the trial transcript shows that trial counsel cross-examined Dr. Nielsen regarding his testimony about the cause of the victim's injuries, Dkt. 15-16 at 18, and suggested in closing arguments that the injuries could have been caused by the victim being thrown against the wall, rather than by a gun. *Id.* at 62. This was sound trial strategy and not deficient performance. The jury's ultimate conclusion that Cowins used a gun during the assault was not because of counsel's ineffectiveness, but because the evidence presented at trial, including the victim's own testimony, supported that conclusion. Therefore, Cowins is not entitled to relief on these claims.

**2. Trial counsel's failure to interview the victim's neighbor or enter the neighbor's statement into evidence**

Cowins next argues that there were discrepancies between the statements given by the victim and her neighbors regarding the time of the assault, the time the victim reported the assault to her neighbors, and the time a neighbor called the police. Cowins contends that his attorney was ineffective for failing to interview the neighbor or introduce the neighbor's statement into evidence. In rejecting this claim, the Wisconsin Court of Appeals stated that Cowins had failed to present "an affidavit to demonstrate what the neighbor would actually

have said at trial." Dkt. 15-11 at 6. The court also concluded that, in light of the abundant evidence against Cowins, he could not show that he was prejudiced by counsel's failure to interview the neighbor. The court noted that even if there was "some discrepancy between the time when the neighbor estimated in her statement to police that the victim came to seek help in the middle of the night and the actual time of the 911 call," counsel's "failure to highlight the discrepancy was harmless given the overall strength of the victim's testimony, which was corroborated by physical evidence of trauma to the victim's face, neck and wrists, as well as by DNA evidence on the victim's torn underwear linking Cowins to the assault." *Id.*

The court of appeals' decision is not an unreasonable application of *Strickland*. Nor is it unreasonable in light of the facts and evidence presented. Because the evidence established that Cowins had sexual contact with the victim in her apartment and that the victim suffered numerous injuries, trial counsel's decision not to investigate or emphasize a minor discrepancy regarding the time she reported the assault to her neighbor did not amount to deficient performance and did not prejudice Cowins. Therefore, Cowins is not entitled to relief on this claim.

3. **Trial counsel's failure to investigate a defense against the state's forensic evidence and failure to request suppression of DNA evidence**

Cowins contends that his trial counsel should have consulted with an expert regarding whether the state handled the DNA evidence properly and whether there could have been cross-contamination. He also argues, as a separate claim, that counsel should have moved to suppress DNA evidence from certain items in the victim's apartment because of potential cross-contamination during handling by an investigator. Cowins raised his argument regarding the unfiled suppression motion in the court of appeals, but he did not raise his claim that counsel

was ineffective for failing to interview a DNA expert. The state argues that Cowins's claim regarding the expert is procedurally defaulted under *Escalona-Naranjo*, 517 N.W.2d 157, because Cowins failed to present it to the court of appeals in his response to appellate counsel's no-merit brief. I need not decide whether the claim is defaulted, however, because it is clear that both claims fail on the merits for reasons articulated by the Wisconsin Court of Appeals. 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

In rejecting Cowins's claim that counsel should have filed a motion to suppress "DNA results about the shoe box and trash bag on the grounds of potential cross-contamination," the court "reiterate[d] that Cowins's DNA on the victim' underwear was sufficient to link him to the assault. Moreover, whether Cowins touched other items in the victim's apartment had little relevance when Cowins admitted being in the apartment and having sexual relations with the victim and raised consent as his defense." Dkt. 15-11 at 6. This conclusion is not contrary to, nor is it an unreasonable application of, *Strickland*. Nor is it unreasonable in light of the evidence presented at trial. Therefore, Cowins is not entitled to relief on these claims.

### 4. Trial counsel's failure to file a motion to dismiss based on pre-accusation delay

Cowins also argues that trial counsel should have filed a motion to dismiss the criminal charges against him on the ground that Cowins's due process rights were violated by the state's two-year delay in bringing charges against him. For the reasons explained above, the state's delay in bringing charges did not violate Cowins's due process rights. Trial counsel did not err

15

by declining to pursue a frivolous motion to dismiss. *Peterson v. Douma*, 751 F.3d 524, 533 (7th Cir. 2014) (Sixth Amendment does not request counsel to pursue meritless arguments).

### 5. Trial counsel's failure to immediately address inattentive juror

Cowins next contends that trial counsel was ineffective for failing to notify the court immediately that a juror was "nodding off" during the testimony of the crime lab analyst at the end of the second day of trial. The Wisconsin Court of Appeals rejected this claim in Cowins's no-merit appeal, stating that "the record belies [his] claim." Dkt. 15-5 at 4. The court explained:

> At the end of the second day of trial, defense counsel requested a sidebar, and indicated to the court he was willing to continue with cross-examination that "could last past 5:30." Counsel noted that a juror was "nodding off . . . And I'm seeing them stretch. They may want to go home now." The court adjourned the trial until the following day.

Dkt. 15-5 at 4–5. The court of appeals held that, "[t]his is not the same as sleeping or losing consciousness, and, more importantly, there was no indication that any testimony was missed by a juror." *Id.* at 5.

The court of appeals' rejection of this claim was reasonable. Cowins has not identified any specific testimony that the juror missed, explained why that testimony was crucial to his defense, or identified any specific reason to think he was prejudiced by his counsel's failure to notify the court sooner. Instead, the record suggests that counsel acted reasonably in bringing to the court's attention that a juror was nodding off and by suggesting, successfully, that the court adjourn for the day. Therefore, Cowins is not entitled to relief on this claim.

### 6. Ineffectiveness of appellate counsel

Cowins contends that his appellate counsel was ineffective for filing a no-merit brief instead of consulting with him and raising on appeal the multiple meritorious arguments he

16

identified. The Wisconsin Court of Appeals rejected this claim twice, concluding that Cowins had failed to identify any appealable issues of potential merit. Dkts. 15-5 and 15-11. This conclusion was reasonable. Moreover, because all of Cowins's claims against appellate counsel are predicated on trial counsel's alleged errors, "the two claims rise and fall together." *Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010). Cowins has not shown that trial counsel was ineffective for any reason, so Cowins cannot succeed on a claim that postconviction counsel should have challenged trial counsel's performance. Accordingly, Cowins is not entitled to relief on this claim.

**D. Certificate of appealability**

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Cowins has failed to make a substantial

showing of a denial of a constitutional right. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Courtney M. Cowins's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Cowins is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered November 19, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge