IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COURTNEY M. COWINS,

                        Petitioner,

v.

GARY BOUGHTON,

                        Respondent.

OPINION and ORDER

16-cv-22-jdp

---

On November 19, 2018, I denied petitioner Courtney M. Cowins's petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 30. Cowins challenged his convictions for armed burglary, burglary with intent to commit sexual assault and battery, first-degree reckless endangerment, and four counts of first-degree sexual assault, all as a repeater, in Dane County Case No. 2009CF247, on the grounds that: (1) the state intentionally introduced false testimony by a doctor who had treated the victim after her attack; (2) the prosecutor engaged in misconduct by referring to the doctor's false testimony in closing arguments; (3) the two-year delay in charging and prosecuting Cowins resulted in exculpatory evidence being destroyed; (4) trial counsel was ineffective for numerous reasons; and (5) appellate counsel was ineffective for failing to investigate and raise numerous meritorious issues on appeal. I concluded that none of Cowins's arguments had merit.

On December 17, 2019, Cowins filed a motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure. Dkt. 34.[1] In his Rule 59 motion, Cowins argues that I: (1) failed to address his claim that appellate counsel was ineffective for failing to follow

---

[1] A few days later, Cowins filed a motion to correct the address listed on his motion, Dkt. 37, which I will grant.

proper no-merit procedures; (2) erred in rejecting his due process claim based on the state's two-year delay in filing criminal charges; (3) erred in assessing prejudice resulting from the two-year delay; (4) applied the wrong standard to his false testimony claim; (5) misconstrued his false testimony claim; and (6) erred in denying his false testimony claim. Cowins also requests an evidentiary hearing.

To prevail on a Rule 59(e) motion, Cowins must "clearly establish" (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precluded entry of judgment. *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Cowins does not rely on any newly discovered evidence, and he has not met this burden to show a manifest error of law or fact.

As to his first argument, Cowins simply repeats the same argument he made previously regarding his appellate counsel's failure to consult with him and follow Wisconsin's no-merit procedures. He has cited no new evidence or legal authority that was not considered and addressed already in the previous decision. For reasons explained already, the Wisconsin Court of Appeals' adjudication of this claim was reasonable, was not contrary to federal law, and did not involve an unreasonable application of federal law to the facts. Dkt. 30 at 16–17. As the court of appeals explained, Cowins cannot succeed on a claim that appellate counsel was ineffective because he has not identified any appealable issue of potential merit. *Id.*

Cowins's second and third arguments relate to his claim that the state violated his due process rights by filing criminal charges two years after the assault occurred. He contends that I should not have required him to prove that the prosecutor's delay in filing charges was intentional, because there is a line of Seventh Circuit cases that does not require the criminal defendant to prove that the state's delay was intentional. Cowins is correct that the Court of

2

Appeals for the Seventh Circuit has discussed two different methods by which a defendant may establish a violation of due process by delay, *see, e.g., United States v. Koller*, 956 F.2d 1408, 1415 (7th Cir. 1992) (discussing two standards), though the court of appeals has most recently applied the standard requiring proof that the delay was intentional. *See United States v. Wallace*, 326 F.3d 881, 886 (7th Cir. 2003). But under both standards, the criminal defendant has the burden to show "actual and substantial prejudice from the delay." *Id.* As I explained in the November 19 decision, Cowins cannot establish substantial prejudice caused by the delay in light of the significant evidence presented against him at trial. Dkt. 30 at 10. Cowins's arguments to the contrary are not persuasive.

Cowins's fourth, fifth, and sixth arguments relate to his claim that the prosecution presented false testimony from the doctor who treated the victim after she was attacked. Cowins argues that I misconstrued his claim and applied the wrong standard when assessing it. His arguments are not persuasive. For the reasons explained thoroughly in the November 19 decision, the doctor's testimony was not false and the prosecutor's reference to the testimony was not misleading. *Id.* at 6–9.

In three motions filed on January 7, 2019, Cowins raises a seventh issue regarding jurisdiction. Dkts. 38–40. He argues that the Wisconsin Court of Appeals and Wisconsin Supreme Court lacked jurisdiction over his direct appeal and motions for postconviction relief because portions of the appellate record were not properly authenticated and certified as required by state law. He further argues that because the Wisconsin appellate courts did not have jurisdiction over his appeals, this court did not have jurisdiction over his habeas petition. But Cowins did not raise this argument as a basis for federal habeas relief in his petition or in his previous briefs supporting his petition, so it is too late to raise it now. Rule 59(e) allows

3

movants to challenge a judgment based on manifest errors of law or fact or on newly discovered evidence, but the rule does not allow parties to present new legal theories. *See Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir. 1999).

Even if I were to consider Cowins's jurisdictional argument, I would conclude that it cannot provide a basis for habeas relief because it presents a question solely of Wisconsin law. Cowins argues that Wisconsin courts cannot exercise jurisdiction over a direct appeal or postconviction motion unless the relevant transcripts have been authenticated and certified properly. But Cowins cites only Wisconsin cases and state law regulations and does not explain how this claim would implicate any constitutional right or invalidate his conviction. *See Arnold v. Dittmann*, 901 F.3d 830, 835 (7th Cir. 2018) ("[E]rrors of state law are not cognizable on habeas review."); *U.S. ex rel. Bell v. Mathy*, No. 08 C 5622, 2009 WL 90078, at *2 (N.D. Ill. Jan. 14, 2009) (habeas petitioner's challenges to state court's jurisdiction "pose questions of Illinois state law, rather than the federal Constitutional issues that are cognizable in Section 2254 proceedings").

Finally, Cowins contends that he is entitled to an evidentiary hearing on his petition and motions for reconsideration. But an evidentiary hearing is not warranted because Cowins has failed to identify any violation of his constitutional rights. For the same reason, I will not grant Cowins a certificate of appealability from this order. *See* 28 U.S.C. § 2253(c)(2) (certificate of appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right").

ORDER

IT IS ORDERED that:

1. Petitioner Courtney M. Cowins's motion to amend the address listed in his motion to alter or amend the judgment, Dkt. 37, is GRANTED.

2. Petitioner's motions to alter or amend the judgment, Dkt. 34 and Dkt. 40, motion to stay, Dkt. 38, and motion to amend his motion for reconsideration to add a jurisdictional claim, Dkt. 39, are DENIED.

3. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered April 29, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge